UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL II,                     Case No. 23-11123
      Plaintiff,
      v.                               Robert J. White
                                      United States District Judge

NORBERT FRONCZAK,
     Defendant.                        Curtis Ivy, Jr.
_____/        United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANT'S PARTIAL**
<u>**MOTION TO DISMISS (ECF No. 25)**</u>

## I.      BACKGROUND

Plaintiff Annabel filed this civil rights lawsuit without the assistance of counsel on May 12, 2023.  (ECF No. 1).  He filed an amended complaint as of right on July 12, 2023, which is the operative complaint.  (ECF No. 7).  Defendant Fronczak is the remaining defendant.  (ECF No. 8).  Defendant moves to dismiss the retaliation claim arising out of a misconduct ticket written on December 13, 2022.  (ECF No. 25).

The events are alleged to have occurred at the Macomb Correctional Facility where Plaintiff was housed and Fronczak worked as a librarian.  (*Id.* at PageID.52).  Plaintiff alleges that on December 13, 2022, Defendant began screaming at him to remove his coat in the prison law library.  When Plaintiff stood up from his seat to

unzip his coat, Defendant screamed at him to leave the library. (*Id.* at ¶ 10).

Before leaving the building, Plaintiff complained of Defendant's behavior to a

corrections officer, and later complained to a sergeant in the housing unit. (*Id.* at ¶

11). Other prisoners reported that after Plaintiff complained about Defendant's

behavior, Defendant announced to those prisoners that he would make an example

of Plaintiff by issuing a false "Disobeying a Direct Order" misconduct ticket for

wearing his coat "because he had done so." (*Id.* at PageID.53, ¶ 12). Defendant

issued that misconduct ticket. (*Id.*). Other prisoners who Defendant removed from

the library were not issued a misconduct charge. (*Id.* at ¶ 13).

This case was referred to the undersigned for all pretrial proceedings. (ECF

No. 29). For the reasons below, the undersigned recommends that the motion to

dismiss be **DENIED**.

## II.    ANALYSIS AND RECOMMENDATIONS

### A.    <u>Governing Standards</u>

When deciding a motion to dismiss under Rule 12(b)(6), the Court must

"construe the complaint in the light most favorable to plaintiff and accept all

allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se*

plaintiff must comply with basic pleading requirements, including Rule

12(b)(6).").

     B.   <u>Discussion</u>

     A First Amendment retaliation claim has three elements:

> (1) the plaintiff engaged in protected conduct; (2) an
> adverse action was taken against the plaintiff that would
> deter a person of ordinary firmness from continuing to
> engage in the conduct; and (3) there is a causal
> connection between elements one and two – that is, the
> adverse action was motivated at least in part by the
> plaintiff's protected conduct.

*Richards v. Perttu*, 96 F.4th 911, 917 (6th Cir. 2024) (quoting *Thaddeus-X v.*

*Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  "Under the third element, the

subjective motivation of the defendants is at issue."  *Maben v. Thelen*, 887 F.3d

252, 262 (6th Cir. 2018) (citation omitted).  A plaintiff's subjective belief that he

has been retaliated against is insufficient. *Johnson v. Rodriguez*, 110 F.3d 299,

310 (5th Cir. 1997).

     The motion should be denied because Defendant misunderstands Plaintiff's

allegations.  From Defendant's perspective, Plaintiff is alleging that the

misconduct ticket was retaliation against Plaintiff for wearing his coat in the

library against library rules.  (ECF No. 25, PageID.135).  He argues that Plaintiff's

misconduct was not protected activity, so he cannot sustain a retaliation claim.

Plaintiff, on the other hand, insists that his claim is not about retaliation for

4

wearing his coat.  Instead, he says the claim is about Defendant issuing the ticket because Plaintiff complained about his behavior to other prison staff.  In the amended complaint, he wrote, "Other prisoners have reported, that after Plaintiff had complained to custody staff, that Fronczak announced to them that he would make an example out of him by issuing a false Disobeying a Direct Order for refusing to remove his coat, because he had done so."  (ECF No. 7, PageID.53, ¶ 12).  Plaintiff asserts that "because he had done so" references his complaints to other officials in the paragraph before.  (ECF No. 27, PageID.148).  He says his protected conduct was complaining to other staff.  (*Id.*).

In the view of the undersigned, Plaintiff's explanation of his allegations is reasonable and logical, though the way the complaint is written it leaves some room for interpretation.  Courts are instructed to read *pro se* pleadings liberally.  Doing so means construing the retaliation claim like this: Fronczak yelled at the Plaintiff to leave the law library because he wore his coat against prison rules.  Plaintiff complained about Fronczak's behavior to other prison employees.  Then, Fronczak wrote Plaintiff a misconduct ticket for disobeying rules because Plaintiff complained of his behavior.  (*See* ECF No. 8, PageID.63, reading Plaintiff's complaint to allege oral grievances as protected conduct, and finding the

allegations sufficient at this stage).[1]   Oral grievances can be protected conduct. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018).

Because Defendant's motion is based on a misunderstanding of Plaintiff's claim, the motion should be denied.

The undersigned further notes that Plaintiff's guilty plea to the misconduct is not reason alone to dismiss the retaliation claim.  The third element of the retaliation claim looks to whether the defendant would have taken the adverse action absent the protected conduct.  "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Thaddeus-X*, 175 F.3d at 399.  The Sixth Circuit rejected the Eighth Circuit's "checkmate doctrine." *Maben*, 887 F.3d at 261-63.  "The 'checkmate doctrine' provides that when a prison body finds that a prisoner has committed 'an actual violation of prison rules' and the 'finding [is] based on some evidence of the violation, the finding essentially checkmates [the] retaliation claim.'" *Id.* at 261 (citation omitted).  The court said that "[a] prisoner deserves the opportunity to try to show that the reasons given for disciplining him were a pretext for the prison officials' retaliatory animus." *Id.* at 263 (citations and

---

[1] The reason for Defendant's citation to *Smith v. Campbell*, 250 F.3d 1032 (6th Cir. 2001), is unclear.  He quoted the portion establishing that, though filing grievances is often considered protected conduct, filing them in a manner that violates prison regulations is not protected conduct. *Id.* at 1037.  Those facts have no bearing on Plaintiff's claims because Plaintiff alleges retaliation for speaking to other officials about Defendant's behavior.

internal quotation marks omitted).  Thus, it is not enough for a defendant to point to a guilty plea or finding and say that the retaliation claim must be dismissed.  So to the extent that Defendant Fronczak asserts that the guilty plea defeats a retaliation claim, without more, he is mistaken.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's partial motion to dismiss (ECF No. 25) be **DENIED**.  After a ruling on this report and recommendation, Defendant should be ordered to answer or otherwise respond to the complaint.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date:  October 18, 2024.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 18, 2024.

s/Sara Krause
Case Manager
(810) 341-7850