UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ANNABEL II,<br>　　Plaintiff,<br>　　v.<br><br>NORBERT FRONCZAK,<br>　　Defendant.<br>_____/ | Case No. 23-11123<br><br>Robert J. White<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL
(ECF No. 42) and REGARDING MOTION FOR SERVICE OF SUBPOENA
(ECF No. 48)**

Plaintiff moved to compel Defendant Fronczak to supplement responses to Interrogatories 1, 2, 3, and 12, and Request for Admission 1.  (ECF No. 42).  Defendant opposes the motion, largely pointing to Orders denying motions to compel similar or identical discovery requests from Plaintiff to Defendant in a separate case, Case No. 23-12346, *Annabel v. Fronczak*.  (ECF No. 44).  As detailed below, the Orders in Plaintiff's other case are only marginally helpful here because the allegations against Defendant are different.

Plaintiff also moved to compel the United States Marshals Service ("USMS") to serve subpoenas.  (ECF No. 48).

A.　Factual Background

Plaintiff alleges here that on December 13, 2022, Defendant began screaming at him to remove his coat while in the prison law library.  When

Plaintiff stood from his seat to unzip his coat, Defendant screamed at him to leave the library.  Before leaving, Plaintiff complained about Defendant's behavior to a corrections officer and later to a sergeant in the housing unit.  Other prisoners told Plaintiff that Defendant said he would make an example of Plaintiff and issue him a false "Disobeying a Direct Order" misconduct ticket because of the complaints about Defendant's behavior.  Defendant later issued that ticket.  Plaintiff sues him for retaliation for complaining about his behavior.  (ECF Nos. 7, 33).

In his other case against Defendant, Plaintiff alleged that during August 2023, Defendant threatened to write Plaintiff a ticket and restrict his access to the law library if he filed any additional grievances against him.  Case No. 23-12346, ECF No. 1.

B.   Governing Discovery Principles

"Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Information within this scope of discovery need not be admissible in evidence to be discoverable.  *Id.*  "Although a [party] should not be denied access

2

to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

C.    <u>Motion to Compel Supplemental Responses (ECF No. 42)</u>

The Court first addresses Plaintiff's Interrogatories 1, 2, 3, and 12, which read,

> 1. Cite all prisoner lawsuits that have been filed against you named a defendant to an access to courts or retaliation claim and the final disposition for each case.
>
> 2. Explain whether you have ever been disciplined, reprimanded, excused from a work day, or other corrective action was taken by MDOC, even including dismissed allegations of misconduct, related to our work performance.
>
> 3. Explain the difference of charging elements and potential consequences to a prisoner between a Class II Disobeying a direct order misconduct charge and a Class III minor misconduct charge for violation of posted rules.
>
> 12. If a monetary judgment in this lawsuit is entered against you, will you suffer an [sic] direct financial consequences of that judgment on MDOC employee discipline?

3

(ECF No. 42, PageID.264-65, 267).

Plaintiff argues that Interrogatories 1, 2, and 12 are relevant to punitive damages and as Federal Rules of Evidence 404(b)(2) and 608(a) evidence. He explained he heard rumors that Defendant has been disciplined "for screaming at and making false accusations of misconduct in retaliation against coworkers and other prisoners." (*Id.* at PageID.259-60). Plaintiff contends that these rumors are admissible to show Defendant's state of mind and to attack his character for truthfulness. (*Id.*).

Defendant counters that Plaintiff is on a fishing expedition to smear Defendant's character. He says character is irrelevant to whether he threatened Plaintiff with retaliation. (ECF No. 44, PageID.284). The reference to threatened retaliation appears to be a mistake—Plaintiff alleges that Defendant retaliated against him by filing a false misconduct ticket, not threatening to file a ticket. It is in Plaintiff's other case against Defendant where he alleges only the threat of retaliation. Defendant also contends that other instances of unfounded allegations do not meet any of the elements of a retaliation claim. (*Id.*). As for Interrogatory 12, Defendant argues that it would require him to speculate what would happen if judgment is issued against him and that the request does not affect the merits of the claims. (*Id.* at PageID.284-85).

4

Other lawsuits or discipline against Defendant are irrelevant to the claims here and, like in his other lawsuit, it is unclear how past lawsuits or instances of misconduct will serve as Fed. R. Evid. 404(b)(2) "other acts" evidence of state of mind. Past incidents are unlikely to show Defendant's state of mind when he allegedly wrote a false misconduct ticket against Plaintiff. Likewise, evidence of having been disciplined, reprimanded, or excused for misconduct or work performance issues, or evidence of other lawsuits filed about retaliation is irrelevant to impeachment. It is unclear how workplace misconduct or retaliation will show a reputation of having a character for untruthfulness. *See* Fed. R. Evid. 608(a).

Despite the foregoing, Defendant responded to the interrogatory asking for a list of other lawsuits, subject to objections, with a list of case names and numbers he recalled or was able to find. (*See* ECF No. 42, PageID.264-65). So although the information is irrelevant, Plaintiff has a list of cases that he may review.

Plaintiff served the same interrogatory in his other case as Interrogatory 12—asking whether, if money damages are awarded against Defendant, will he suffer any direct financial consequences. As in his other case, he argues here that the interrogatory is relevant to punitive damages. But whether Defendant himself would suffer a "financial consequence" is immaterial to whether Plaintiff may or

may not be entitled to an award of punitive (or other) damages. Thus, the interrogatory seeks irrelevant information.

Because Interrogatories 1, 2, and 12 seek irrelevant information, the motion to compel supplemental responses to them is **DENIED**.

Interrogatory 3 asks Defendant to explain the difference in charging elements and potential consequences to a prisoner between a Class II Disobeying a direct order misconduct charge and a Class III minor misconduct charge for violating posted rules. In response, Defendant pointed Plaintiff to MDOC Policy Directive 03.03.105 on Prisoner Discipline. (ECF No. 42, PageID.265).

Plaintiff argues that Defendant's response is evasive. He asserts that he need not answer his own interrogatory, but is instead "entitled to an admission of misconduct charging elements from" Defendant. (*Id.* at PageID.260). Defendant did not address this interrogatory in his response.

This interrogatory was posed in Plaintiff's other case. Since Plaintiff did not allege that Defendant issued a misconduct ticket in the other case, the interrogatory was deemed irrelevant. Here, because Plaintiff alleges that Defendant issued a false misconduct ticket, the interrogatory is relevant. And though Plaintiff can read the prison policy directive regarding misconducts, nothing prohibits him from getting Defendant's take on the charging elements or differences between Class II and Class III misconducts. The motion to compel supplemental response to

Interrogatory 3 is **GRANTED**. Defendant must supplement his response **within 14 days** of this Order.

Last is Plaintiff's Request for Admission 1, which reads,

> 1. Admit that the law library callout dates listed in the attached misconduct report for interference with administration of rules (Attachment A) that non match [sic] the date of the incident in grievance . . . of January 2, 2024, upon which the misconduct report is based.

(ECF No. 42, PageID.270). Defendant objected to the request "as he did not draft the attached documents, nor did he issue the referenced misconduct report. . . . Without waiving and subject to said objection, the misconduct report speaks for itself and was written on January 26, 2024, with a violation date of January 3, 2024." (*Id.* at PageID.270-71).

Plaintiff served this request for admission to show that the misconduct ticket was false because the incident date in Plaintiff's grievance does not match the incident date written in the misconduct report. (*Id.* at PageID.261). For his part, Defendant says he did not draft the misconduct report so he must rely on the documents as they are. (ECF No. 44, PageID.285).

Plaintiff does not need Defendant to admit to what is written in two documents. As Defendant said, the documents speak for themselves. Defendant admitted the incident date written in the misconduct report. That he did not also admit the incident date Plaintiff wrote in his grievance is not cause for granting the

7

motion to compel supplementation. The difference in the incident dates is relevant to Plaintiff's claim, but requiring Defendant to admit that the dates written in the documents that he did not draft will not make it more or less likely that the misconduct ticket was written to retaliate against Plaintiff. Thus, the motion to compel supplemental response to the request for admission is **DENIED**.

Plaintiff seeks an award of costs in the amount of $7.00 to cover photocopies and postage. Federal Rule of Civil Procedure 37, which governs awards of costs on a motion to compel, permits (but does not require) an apportionment of the reasonable expenses for a motion to compel that is granted only in part. Fed. R. Civ. P. 37(a)(5)(C). Because Plaintiff's motion was granted in small part, only requiring Defendant to supplement his response to the difference between Class II and III misconducts, the Court will not apportion any costs. The request for reasonable costs is denied.

D.  Motion to Compel Service of Subpoenas (ECF No. 48)

Plaintiff asks the Court to direct the Clerk of the Court to sign a subpoena attached to the motion and to order the USMS to serve the subpoena. There is no subpoena attached to Plaintiff's motion. If Plaintiff does not already have a signed subpoena, the Court will construe his motion as one for a subpoena form. The Court thus **DIRECTS** the Clerk's Office to issue a signed subpoena form to Plaintiff.

Once Plaintiff receives the signed subpoena, he must fill out the subpoena for his intended recipient and mail the completed subpoena to the Court **at the address below** with the request for the USMS to serve the subpoena. Plaintiff is correct that the USMS is responsible for service of subpoenas from a plaintiff proceeding *in forma pauperis*. *See Roden v. Floyd*, 2019 WL 2247860, at *1 (May 24, 2019) (collecting authority). The discovery period closes soon, so Plaintiff should move quickly after obtaining the subpoena from the Court.

The Court cautions Plaintiff that subpoenas cannot be used to obtain discovery from a party. Subpoenas can be directed only to non-parties. *See* Fed. R. Civ. P. 45.

The completed subpoena must be mailed to:

United States District Court, Eastern District of Michigan
Attn: Sara Krause
600 Church St., Flint MI 48502

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to

9

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: March 13, 2025                          s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 13, 2025.

                                              s/Sara Krause
                                              Case Manager
                                              (810) 341-7850