UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL II,
    Plaintiff,
    v.

NORBERT FRONCZAK,
    Defendant.
_____/

Case No. 23-11123

Robert J. White
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER GRANTING IN PART PLAINTIFF'S SECOND MOTION TO
COMPEL (ECF No. 50)**

Plaintiff filed his second motion to compel, this time seeking responses to Interrogatories 14 and 15.  (ECF No. 50).  Defendant opposes the motion.  (ECF No. 53).

"Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Information within this scope of discovery need not be admissible in evidence to be discoverable.  *Id.*  "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted

to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co*., 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007)).  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  Fed. R. Civ. P. 37.

Interrogatory 14 asks, "Have you ever been disciplined or investigated by the MDOC for making false accusations of misconduct of a coworker or prisoner" other than Plaintiff.  (ECF No. 50, PageID.410).  Defendant objected stating that the interrogatory seeks irrelevant information and assumes he was investigated or disciplined regarding Plaintiff.  (*Id.*).

Plaintiff argues that he seeks "other acts" evidence under Fed. R. Evid. 404(b)(2) to show motive, intent, or plan.  He asserts that such evidence is also admissible to show a reputation for untruthfulness under Fed. R. Evid. 608(a).  (*Id.* at PageID.405).

Defendant's argument in response is not helpful.  He focuses on Rule 405(b) with the understanding that Plaintiff intends to use the responses as character evidence.  (ECF No. 53).  But that is not Plaintiff's stated purpose.

Interrogatory 14 is similar to Interrogatory 2 that the Court addressed last month.  (*See* ECF No. 49).  Interrogatory 2 asked about past discipline or

2

reprimands related to job performance.  The Court denied the motion to compel a response to that interrogatory because that information is irrelevant and it was unclear how the information would show state of mind, as Plaintiff argued it would.  But in Interrogatory 14, Plaintiff narrowed the request to discipline or investigations for making false accusations of misconduct and tied that request to motive or potential impeachment of Defendant's character for untruthfulness.

The motion is **GRANTED IN PART** as to evidence of discipline.  If Defendant was disciplined for making a false accusation of misconduct against a coworker or an inmate, that evidence could be used to impeach his character for truthfulness.  Evidence of mere investigations into Defendant's accusations of misconduct are irrelevant for any purpose, whereas evidence of discipline for making a false accusation is relevant because there would be a finding that he made a false investigation.  Defendant must supplement his response to this interrogatory **within 14 days of this Order**.[1]

The Court will not compel Defendant to provide a supplemental response to Interrogatory 15.  Plaintiff asks Defendant to confirm whether another prisoner sued him alleging that he screamed at the plaintiff.  (ECF No. 50, PageID.410).  Plaintiff cited an opinion from that case: *Vartinelli v. Fronczak*, 2024 WL 340830

---

[1] The interrogatory calls for a yes or no answer.  Plaintiff did not ask for details surrounding any discipline Defendant faced.  Thus, it is unclear how helpful this supplemental response will be.

(E.D. Mich. Jan. 30, 2024). Defendant objected stating that the records in that case are publicly available to Plaintiff.

The Court will not require Defendant to confirm what is contained in the opinion or in the public docket. Because Plaintiff provided Lexis and Westlaw citations for the opinion, it appears that he has access to it. Court documents speak for themselves and Plaintiff can read the opinion and access the public docket on his own and draw his own conclusions. The motion to compel supplemental response to Interrogatory 15 is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: April 18, 2025    <u>s/Curtis Ivy, Jr.</u>
           Curtis Ivy, Jr.
           United States Magistrate Judge

## **<u>CERTIFICATE OF SERVICE</u>**

  The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on April 18, 2025.


           <u>s/Sara Krause</u>
           Case Manager
           (810) 341-7850