UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ANNABEL II,<br>    Plaintiff,<br>v.<br><br>NORBERT FRONCZAK,<br>    Defendant.<br>_____/ | Case No. 23-11123<br><br>Robert J. White<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER ON PLAINTIFF'S MOTIONS TO COMPEL (ECF Nos. 57, 60)

Before the Court are Plaintiff's third and fourth motions to compel. (ECF Nos. 57, 60). As this is the third Order on a motion to compel in this litigation, the Court will not repeat the general standards governing discovery stated in the two prior Orders.

A.    <u>May 13, 2025, Motion to Compel (ECF No. 57)</u>

In this motion, Plaintiff asks the Court to compel Defendant to provide him a complete copy of his deposition transcript. Defendant argues that the motion should be denied because Plaintiff is not entitled to a free copy of his deposition transcript and because he was given a free copy of the transcript by the court reporting agency. (ECF No. 59).

The motion to compel is **DENIED**. As explained to Plaintiff in a parallel case, plaintiffs have no right to a free copy of their deposition transcript. *Brown*

*v. McCullick*, 2019 WL 5436159, at *4 (6th Cir. Apr. 23, 2019) (citing 28 U.S.C. § 753(f)) (the plaintiff, a pro se Michigan prisoner, "had no right to a free copy of his deposition transcript"); *Johnson v. Elum*, 2022 WL 1205005, at *3 (E.D. Mich. Apr. 22, 2022) ("Like Defendants would have had to do, Plaintiff may request a copy of his deposition transcript from the court reporter at a reasonable cost."). Indigent parties bear the costs of litigation. *Green v. Miller*, 2015 WL 1014914, at *2 (E.D. Mich. Mar. 9, 2015). Denying the motion likely has no impact considering that Plaintiff appears to have a copy of the transcript in any event.

B.  June 16, 2025, Motion to Compel (ECF No. 60)

Here, Plaintiff seeks an order compelling non-party Michigan Department of Corrections ("MDOC") to produce Defendant's disciplinary records in response to his Rule 45 subpoena. The Court notes that the subpoena also requested copies of Plaintiff's grievances, and MDOC objected to that portion of the request. (ECF No. 60, PageID.474, 480). Plaintiff does not appear to be moving to compel production of his grievances; his motion focuses on Defendant's discipline record.

MDOC objected to the request for the discipline records on several grounds: (1) privacy and security concerns, (2) exemption from disclosure under Mich. Comp. Laws §§ 15.243(1)(s)(ix) and (1)(t), (3) the Court found the discipline records irrelevant in the Order at ECF No. 55, and (4) the request was made to embarrass Defendant. (ECF No. 60, PageID.480).

In the most recent Order on a motion to compel, the Court compelled Defendant to respond to an interrogatory seeking information about discipline for making a false accusation of misconduct against a coworker or an inmate. (ECF No. 55, PageID.434). The Court denied the motion as to evidence of investigations into Defendant's accusations of misconduct—only actual discipline is relevant. Plaintiff did not mention in his motion whether he received any information in response to that interrogatory after the Court ordered the supplemental response.

That Order controls the scope of discovery into Defendant's disciplinary file. Thus, this motion is **DENIED IN PART**. The Court has already ruled that evidence of discipline against Defendant for making false accusations of misconduct against a coworker or inmate is the only kind of discipline relevant to this litigation. Plaintiff's broad request for Defendant's discipline file without limitation is overreaching. In line with the Court's Order at ECF No. 55, MDOC is **DIRECTED** to produce disciplinary records containing information about discipline for making a false accusation of misconduct against a coworker or inmate. If any such documents exist, they must be produced to Plaintiff **within 14 days** of this Order.

MDOC's arguments against production of the limited scope of documents are unavailing. MDOC cites Michigan's Freedom of Information Act, Mich. Comp. Laws § 15.243, to suggest that it need not respond with any files from

Defendant's personnel file.  That is not entirely true.  To begin, Plaintiff did not submit a Freedom of Information Act request; he is a litigant suing an MDOC employee who is entitled to relevant and proportional discovery to support his claims.  Second and relatedly, the Court has ruled that only some of Defendant's discipline files, if they exist, are relevant to the lawsuit.  MDOC points to no case law prohibiting Court-ordered production of documents that might be protected from a FOIA request.

The Court shares MDOC's privacy concerns.  Of course, to protect Defendant's and his family's privacy, MDOC must redact personally identifying information from records it will produce, and should redact information in a record irrelevant to the discipline in the question.  Given that the limited scope of relevant is about false accusations, it is unlikely any responsive documents will contain sensitive information about the prison or prison operation, but if they do, that can be redacted as well.  Lastly, the Court does not view the request for documents to be for the sole purpose of embarrassing Defendant.  Existing documents are relevant to the litigation.

If no responsive documents exist, MDOC must so inform Plaintiff.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: June 18, 2025              s/Curtis Ivy, Jr.
                                 Curtis Ivy, Jr.
                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 18, 2025.

                                 s/Sara Krause
                                 Case Manager
                                 (810) 341-7850